UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRICK ALFRED WILLIAMS, | ) |
| Movant, | ) |
| v. | ) Case No. 4:22 CV 855 RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me upon review of Terrick Alfred Williams's pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In the motion, Williams claims that *United States v. Taylor,* 142 S. Ct. 2015 (2022) should be applied to his case in order to reduce his sentence. I will deny the motion without prejudice as an unauthorized second or successive motion under 28 U.S.C. § 2255 and transfer it to the United States Court of Appeals for the Eighth Circuit.

## **Background**

On October 10, 1996, a jury found Williams guilty of one count of armed carjacking; one count of attempted armed carjacking; two counts of possessing a firearm during a crime of violence; and two counts of possessing a firearm as a felon. *See United States v. Williams,* No. 4:96 CR 187 RWS (E.D. Mo.). The Court subsequently sentenced Williams to a term of imprisonment of 450 months: 150

1

months for the armed carjacking and attempted armed carjacking charges; 120 months for possessing a firearm as a felon; and mandatory consecutive terms of 60 months and 240 months for the two counts of possessing a firearm during a crime of violence. Williams's convictions and sentences were affirmed on appeal. *United States v. Williams,* 136 F.3d 547 (8th Cir. 1998). He is currently serving his sentence at a Bureau of Prisons ("BOP") facility, USP Coleman I in Florida. His projected release date is January 28, 2030. *See* https://www.bop.gov/inmateloc/ (last visited August 22, 2022).

Williams filed his first § 2255 motion on March 3, 2000. *Williams v. United States*, 4:00 CV 386 RWS (E.D. Mo.). On January 21, 2005, I denied Williams's amended motion, but issued a certificate of appealability on Ground 1. Williams filed a notice of appeal, and on June 27, 2006, the Eighth Circuit affirmed this Court's judgment. *Williams v. United States*, 452 F.3d 1009, 1010 (8th Cir. 2006).

Williams filed a second § 2255 motion on January 8, 2016, seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Williams v. United States*, No. 4:16 CV 33 RWS (E.D. Mo.). I determined that Williams's motion was a second or successive motion for which he had not obtained the necessary certification from the Eighth Circuit. I denied the motion but transferred the matter to the Eighth Circuit. On October 13, 2016, the Eighth Circuit denied Williams's petition for authorization

to file a successive § 2255 motion. *Williams v. United States*, No. 16-1153 (8th Cir. 2016).

Williams filed a third unauthorized second or successive § 2255 motion on June 24, 2016, again seeking relief under *Johnson*. *Williams v. United States*, No. 4:16 CV 989 RWS (E.D. Mo.). I denied the motion on July 12, 2016. On September 6, 2018, the Eighth Circuit denied Williams's petition for authorization to file a successive habeas application. *Williams v. United States*, No. 18-2062 (8th Cir. 2018). The Eighth Circuit denied another petition for authorization to file a successive § 2255 motion on December 10, 2018. *Williams v. United States*, No. 18-2854 (8th Cir. 2018). Williams filed the instant § 2255 motion in his criminal case on or about June 29, 2022. On August 16, 2022, I entered an order administratively terminating the motion in the criminal case, and ordering the instant action opened on his behalf.

## Discussion

The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but it has not been certified by the Eighth Circuit.

According to 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

3

no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When an unauthorized second or successive motion is filed in district court without the required authorization, the district court should dismiss it, or, in its discretion, transfer the motion to the appellate court. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). I find it is in the interest of justice to transfer the motion to the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED that** the instant motion to vacate, set aside, or correct sentence, [1], is **DENIED**, without prejudice, because Williams did not obtain the required authorization from the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED that** the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2022.